JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HOMEAWAY.COM, INC.,<br><br>　　　　　　Defendant. | Case No. 2:22-cv-02578-FLA (JPRx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. 16]** |

## RULING

　　Before the court is the Motion to Remand ("Motion") filed by Plaintiff the People of the State of California ("Plaintiff," "People," or "State"), acting by and through the Los Angeles City Attorney. Dkt. 16 ("Mot."). Defendant HomeAway.com, Inc. ("Defendant" or "HomeAway") opposes the Motion. Dkt. 17 ("Opp'n"). Plaintiff filed a Reply. Dkt. 18 ("Reply").

　　On June 29, 2022, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for July 8, 2022. Dkt. 19; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court GRANTS the Motion and REMANDS the action to the Los Angeles County Superior Court.

# BACKGROUND

In 2018, the City of Los Angeles ("the City") adopted a short-term rental[1] ordinance ("the Ordinance") that "prohibits hosting platforms from processing short-term rental booking transactions for hosts who have not registered with the City." Dkt. 1-2 ("Compl.") ¶ 1; L.A. Mun. Code ("LAMC") § 12.22(A)(32)(d). The Ordinance was the City's response to an "extreme shortage of housing," as well as increased rents and nuisance activity in the City's residential neighborhoods. Compl. ¶ 1.

Defendant HomeAway alleges it is "one of the leading Internet-based short-term rental hosting platforms." *Id*. On March 18, 2022, Plaintiff, through the Los Angeles City Attorney, filed its Complaint in the Los Angeles County Superior Court alleging HomeAway violated the Ordinance by booking transactions involving short-term rental properties for hosts who were not registered with the City. Mot. at 6. The Complaint asserts two claims against HomeAway for violations of (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*., and (2) the City's public nuisance code, LAMC § 11.00(*l*). Compl. ¶¶ 37-45. Plaintiff seeks civil penalties and an injunction for these alleged violations. *Id*. at 11; Mot. at 6.

On April 18, 2022, HomeAway removed the action to this court based on diversity jurisdiction. Dkt. 1 ("Notice of Removal") at 5-9. Plaintiff now seeks to remand the action based on a lack of complete diversity. *See generally* Mot.

# DISCUSSION

**I.  Legal Standard**

A defendant may remove an action from state court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the

---

[1] The Complaint identifies short-term rentals as property rentals of thirty consecutive days or fewer. Compl. ¶ 1.

2

amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States."

"The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (quotations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

## II.   Analysis

The parties' dispute concerns only the complete diversity of citizenship requirement—specifically, whether the real party in interest is the State, as Plaintiff contends, or the City, as Defendant claims.[2]

When determining the real party in interest for diversity purposes, courts first look to the face of the complaint. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985) ("The diversity upon which removal is predicated must be complete, and should generally be determined from the face of the complaint.") (citations omitted). Here, the Complaint states that the People are the Plaintiff in this action. Compl. ¶ 2.

"For the purposes of diversity jurisdiction, a State is not a citizen of itself," and "neither a state nor a state agency [can] be a party to a diversity action." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (quotations omitted). Ordinarily, "a State's presence as a party will destroy complete diversity." *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014).

"Nevertheless, the mere presence on the record of the state as a party plaintiff will not defeat the jurisdiction of the Federal court when it appears that the state has no real interest in the controversy." *Lucent*, 642 F.3d at 737 (quotations omitted). As a result, a court must "look behind the pleadings" and identify the real party in interest in the lawsuit. *Mississippi ex rel. Hood*, 571 U.S. at 174. To determine whether a

---

[2] The parties agree the amount in controversy requirement is satisfied. Mot. at 7 n. 3.

3

state is the real party in interest, courts examine "the essential nature and effect of the proceeding as it appears from the entire record" and decide whether the state "has a specific, concrete interest" in the litigation. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 670 (9th Cir. 2012). Stated differently, "the overall test is whether the government official or entity's lawsuit would primarily vindicate state interests and primarily obtain relief for the state, rather than serving primarily parochial interests and obtaining parochial relief." *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 354 F. Supp. 3d 1122, 1129 (N.D. Cal. 2019).

Here, the court finds that the State is the real party in interest for several reasons. First, the California legislature authorized city attorneys of cities with populations exceeding 750,000 within the State, such as Los Angeles, to bring civil enforcement actions on behalf of the People. Cal. Bus. & Prof. Code § 17204. Both the California Supreme Court and the Ninth Circuit have confirmed that "a civil action brought by a governmental entity under [Cal. Bus. & Prof. Code §] 17200 is 'fundamentally a law enforcement action designed to protect the public and not to benefit private parties.'" *See City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115, 1125-26 (9th Cir. 2006) (quoting *People v. Pac. Land Rsch. Co.*, 20 Cal. 3d 10, 17 (1977)). The public has a substantial and specific interest in enforcing consumer protection laws. *See Vasquez v. Super. Ct.*, 4 Cal. 3d 800, 808 (1971) ("Protection of unwary consumers from being duped by unscrupulous sellers is an exigency of the utmost priority in contemporary society."), *superseded by statute on other grounds as stated in Flores v. Southcoast Auto. Liquidators, Inc.*, 17 Cal. App. 5th 841, 851 (2017).

Second, Plaintiff seeks relief for the State in the form of statutory penalties and an injunction under the UCL. Defendant argues that because Plaintiff predicates its UCL claim upon the Ordinance, any relief sought in this action is limited to the City and not the State as a whole, and thus remand is improper because the City is the real party in interest. Opp'n at 16-18. The court disagrees.

4

An action under the UCL may "borrow[] violations of other laws and treat[] these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exch. V. Super. Ct.*, 2 Cal. 4th 377, 383 (1992). That Plaintiff's UCL claim "borrows" the substance of the Ordinance does not make Defendant's alleged business practices any less unlawful, unfair, or fraudulent. *See* Cal. Bus. & Prof. Code § 17200 (prohibiting "any unlawful, unfair or fraudulent business act or practice"). Similarly, the fact that the relief sought in this action would primarily benefit the City, as opposed to the State, is not dispositive of the real party in interest.

Plaintiff concedes that "one-half of any civil penalties ultimately recovered under the UCL must be paid to the City's treasury with the other half paid to the County of Los Angeles." Mot. at 11. However, Plaintiff notes that "pursuant to State law, all such civil penalties must be exclusively (and uniquely) devoted to advance a State interest—the enforcement of consumer protection laws." *Id*. (citing Cal. Bus. & Prof. Code § 17206(c)(4)).

Several courts within this Circuit have remanded actions where monetary damages flowed to a specific municipality rather than the State as a whole. *See In re Facebook, Inc.*, 354 F. Supp. 3d at 1134 ("[T]he purpose of a civil penalty is not to compensate a victim but to punish the wrongdoer and deter future wrongdoing by others. Thus, from a punishment and deterrence standpoint, it serves the interests of the statute … equally whether the penalties end up in [the] state or county treasury."); *see California v. Purdue Pharma L.P.*, Case No. 8:14-cv-01080-JLS (DFMx), 2014 WL 6065907, at *3 (C.D. Cal. Nov. 12, 2014) (granting motion to remand and finding it "immaterial" that damages for civil penalties flowed to individual counties and not the State in UCL action because "any recovery may be used only for the future enforcement of California's consumer protection laws, thereby furthering the interests of the State, not the Counties."); *see also County of Santa Clara v. Wang*, Case No.

5

5:20-cv-05823-EJD, 2020 WL 8614186, at *2 (N.D. Cal. Sept. 1, 2020) (finding the State to be the real party in interest in a public nuisance action brought jointly with Santa Clara County). This court agrees and holds it is immaterial that the City would receive relief in this action because such relief would be dedicated to enforcing the State's consumer protection laws, and advance the interests of the State.

Third, both parties point to separate Ninth Circuit decisions in support of their respective positions. Defendant claims that *Lucent* supports the denial of Plaintiff's Motion. In *Lucent*, California's Department of Fair Employment and Housing sued an out-of-state company in state court on behalf of one of the company's employees. *Lucent*, 642 F.3d at 735. The complaint sought monetary relief and other remedies for the employee, who was labeled the real party in interest. *Id*. at 735, 739 n. 8. After the district court denied the plaintiff's motion to remand, the Ninth Circuit affirmed, finding that the employee was the real party in interest because the lawsuit would vindicate his individual rights, rather than the rights of the citizens of the State. *Id*. at 738-39.

Conversely, Plaintiff claims that *Nevada* controls. In *Nevada*, the state's attorney general sued Bank of America for allegedly misleading Nevada consumers about mortgage and foreclosure procedures in violation of Nevada's consumer protection law. *Nevada*, 672 F.3d at 665. To determine whether the state was the real party in interest, the Ninth Circuit distinguished *Lucent*, noting that while the plaintiff in *Lucent* sought relief for a single employee, "here, the Nevada Attorney General sued to protect the hundreds of thousands of homeowners in the state allegedly deceived by Bank of America, as well as those affected by the impact of Bank of America's alleged frauds on Nevada's economy." *Id*. at 670. The Ninth Circuit found Nevada to be the real party in interest, and thus remand was necessary. *Id*. at 670-72.

In this case, the court finds the facts alleged analogous to *Nevada*. Unlike *Lucent*, Plaintiff does not seek relief for a single individual. Rather, Plaintiff "seeks to protect the general public from Defendant's business practices that contribute to a

statewide housing crisis." Mot. at 15. Further, like *Nevada*, Plaintiff has a specific, concrete interest in "the economic well-being of its citizens during a housing crisis by securing a marketplace free from unlawful business practices that reduce the availability of long-term housing and contribute to increased rents." *Id*. at 10.

Finally, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Acad. of Country Music*, 991 F.3d at 1061 (quotations omitted). Plaintiff's arguments are sufficient to raise doubts as to whether removal based on diversity jurisdiction was proper.

Accordingly, Plaintiff's Motion is GRANTED.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand. The court REMANDS this action to the Los Angeles County Superior Court, Case Number 22STCV09609. The Clerk of the Court shall administratively close the case.

IT IS SO ORDERED.

Dated: March 14, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge